IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERNEST LEE HARMON

    *Petitioner*,

v.

UNITED STATES OF AMERICA

    *Respondent*.

Criminal Action No. ELH-13-0296
Related Civil Case No. ELH-16-120

**MEMORANDUM OPINION**

This Memorandum Opinion resolves a motion filed by the self-represented Petitioner, Ernest Lee Harmon, under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. ECF 238 ("Petition").[1] In sum, Harmon claims that he is entitled to relief pursuant to the decision of the Supreme Court in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). In particular, he claims that he was improperly designated as a career offender and thus his sentence was unlawfully enhanced.

Pursuant to a motion for stay filed by the government (ECF 242), the case was initially stayed, by Order of January 29, 2016. ECF 243. Thereafter, the government filed an opposition to the Petition (ECF 244), which it subsequently amended. ECF 246. Harmon filed a reply. ECF 247.

Based on the content of Harmon's reply, the Court issued an Order (ECF 248) directing the government to address an issue raised by Harmon in his reply. The government responded at ECF 250. Thereafter, Harmon responded with two submissions. ECF 252; ECF 254.

---

[1] In ECF 252, Harmon identifies himself as Ernest Lee Harmon III.

No hearing is necessary to resolve the matter. For the reasons that follow, I shall deny the Petition.

## I. Factual and Procedural Background

Ernest Lee Harmon and five others were indicted on June 11, 2013 (ECF 1) and charged, *inter alia*, with conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Harmon entered a plea of guilty to the conspiracy offense on February 28, 2014 (ECF 154), pursuant to a plea agreement. ECF 159 ("Plea Agreement"). Notably, the offense to which Harmon pleaded guilty carries a mandatory minimum term of imprisonment of ten years, and a maximum term of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); *see also* ECF 159, ¶ 3. Mr. Harmon's plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of imprisonment ranging from 180 months to 240 months. *Id.* ¶¶ 5, 7.

In the Plea Agreement, the parties agreed that defendant qualified as a Career Offender under U.S.S.G. § 4B1.1. *See* ECF 159, ¶ 6B. In exchange for the defendant's plea of guilty, the government agreed not to file a notice of defendant's prior felony drug convictions, pursuant to 21 U.S.C. § 851. ECF 159, ¶ 9 at 7. As a result, the government agreed not to seek an enhancement of the sentence.

According to the Presentence Report (ECF 165, "PSR"), defendant qualified as a Career Offender. *See* ECF 165, ¶ 57. This was based on two prior State felony drug convictions for possession with intent to distribute controlled dangerous substances (*id.* ¶¶ 39, 51) and a second degree murder conviction. *Id.* ¶ 46. Based on a final offense level of 34 and a criminal history

category of VI, Harmon had an advisory sentencing guidelines range of 262 to 327 months imprisonment. *Id.* ¶ 66.[2]

Sentencing was held on April 14, 2014. ECF 174. The Court agreed with the Career Offender designation. A sentence of 198 months' incarceration was imposed. ECF 176. That sentence was well below the top end of the C plea range, and well below the Career Offender advisory guidelines range.

No appeal was taken to the Fourth Circuit.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code, under which Harmon filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance [of defense counsel] might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924,

---

[2] If Mr. Harmon were not a Career Offender, his final offense level would have been 29, with a criminal history category of V. In that circumstance, his advisory guidelines would have called for a sentence of 140 to 175 months' incarceration.

933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same).

In my view, no hearing is necessary to resolve Harmon's Petition.

**B.**

Harmon asserts that he was denied due process because "his sentence was enhanced under the residual clause of the Career Offender Enhancement 3; 4B1.2(a)(2), which is unconstitutionally vague . . . ." ECF 238 at 4; *see also* ECF 238-1 at 2. Moreover, he contends that one of his predicate offenses was deficient because, as to that offense, the PSR indicated that attorney representation was unknown. ECF 247 at 1. Further, Harmon claims that there was no indication of the drug type or weight. *Id.* And, he argues that the offense of Second Degree Murder in Maryland is not a predicate offense because it is not a crime of violence. *Id.* at 2.

4

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Section 4B1.2(b) defines "controlled substance offense." It states:

The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Certainly, the defendant was over the age of 18 at the relevant time and the offense at hand was a felony drug offense. Moreover, Harmon had at least two prior qualifying felony convictions.

The scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

However, "a mistaken career offender designation is not cognizable on collateral review." *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *United States v.*

5

*Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination of armed career criminal status, because such a finding would have required "'a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In *Johnson*, 135 S. Ct. 2551, on which Harmon relies, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Id.* at 255-57. *Johnson* announced a new substantive rule that applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016); *In re: Hubbard*, 825 F. 3d 225, 235 (4th Cir. 2016). But, *Johnson* does not apply here.

As indicated, in *Johnson*, 135 S. Ct. 2551, the Supreme Court addressed ACCA's residual clause, i.e., the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson* was not concerned with felony drug offenses. The Supreme Court concluded in *Johnson* that the residual clause is vague and thus "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

Recently, in *Beckles v. United States*, ____ U.S. ____, 1355 S. Ct. 2551 (2017), the Supreme Court determined that the advisory sentencing guidelines are not subject to challenges under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015). As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

As noted, Mr. Harmon has two prior State felony controlled dangerous substance convictions, as well as a second degree murder conviction. The PSR properly identified Mr.

6

Harmon as a Career Offender. In particular, each prior drug conviction constituted a "controlled substance offense" under § 4B1.2(B) of the Sentencing Guidelines, and each was punishable by a term of imprisonment exceeding one year. *See* Maryland Code (2012 Repl. Vol., 2016 Supp.), Criminal Law Article (C.L.) §§ 5-602, 5-607; 5-608; *see also* C.L. §§ 5-402 and 5-403.

*Johnson* does not implicate the prior convictions that rendered Mr. Harmon a Career Offender. *See*, *e.g.*, *Armstrong v. United States*, 2016 WL 4007580, *3 (E.D.N.C. Jul. 26, 2016) (holding that "Petitioner's motion to vacate [under *Johnson*] must be dismissed because he has two qualifying convictions for 'controlled substance offenses'"). Moreover, the parties entered into a Plea Agreement, pursuant to Rule 11(c)(1)(C), in which they agreed to a sentence outside the guidelines. The court accepted the plea, agreed to be bound by its terms, and sentenced Harmon accordingly, based on the factors in 18 U.S.C. § 3553.

As the government points out, defendant is incorrect in his assertion that the offense referenced in ECF 165, ¶ 39 cannot qualify as a predicate drug conviction because attorney representation was unknown. *See* ECF 247 at 1. In *United States v. Foster*, 565 F. App'x 202 (4th Cir. 2014), the Court said, *id.* at 203:

> Foster relies upon his unsworn statement at sentencing that his prior conviction was obtained without counsel and the presentence report's ("PSR") statement that "attorney representation was unknown" as to the prior conviction. The statement in the PSR has no impact on the presumption of regularity accorded to prior convictions, and we have previously held that the "self-serving testimony of the defendant" is generally not sufficient to overcome that presumption. *United States v. Jones,* 977 F.2d 105, 111 (4th Cir.1992). This case proves no exception. We therefore conclude that Foster has failed to prove the invalidity of his prior state conviction.

Nor is there any merit to Harmon's contention that his prior drug convictions are deficient because neither the particular drug nor drug quantity was specified. Paragraph 39 of the PSR referenced a conviction for possession with intent to distribute "CDS." Clearly, CDS

7

referred to a controlled dangerous substance, for which Harmon received a seven year sentence, of which a portion was suspended. As to the felony drug offense in paragraph 51 of the PSR, paragraph 52 describes the drug at issue as crack cocaine, weighing 20.65 grams.

### III. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C.§ 2253(c)(2).[3]

### IV.    Conclusion

The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015), has no application here. Harmon was not sentenced under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Johnson*, 135 S. Ct. at 2555-57. Nor was he sentenced under the residual clause of the Career Offender guidelines. Moreover, pursuant to Fed. R. Crim. P. 11(c)(1)(C), Harmon was properly found to be a Career Offender. But, pursuant to the C plea, he was sentenced well below the applicable Career Offender advisory sentencing guidelines range.

For the reasons set forth above, Harmon's Petition shall be DENIED. A Certificate of Appealability SHALL NOT ISSUE.

---

[3] The denial of a COA by the district court does not preclude the Petitioner from seeking a COA from the appellate court.

An Order follows.

Date: October 24, 2018         /s/
                               Ellen L. Hollander
                               United States District Judge